## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WESTERN VALUES PROJECT<br>704C East 13th Street- Suite 568<br>Whitefish, MT  59937 | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No._____ |
| | : | |
| U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Ave., NW<br>Washington, DC  20530-0001 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND INJUNCTIVE RELIEF

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, as well as agency FOIA regulations challenging the failure of the United States Department of Justice ("Justice") to fulfill the requests for information made by Western Values Project.

2.  This case seeks declaratory relief that defendant is in violation of the FOIA for failing to fulfill plaintiff's requests for records, and injunctive relief that defendant immediately and fully comply with plaintiff's requests under the FOIA.

## JURISDICTION AND VENUE

3.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 702, which gives the Court jurisdiction over agency actions where an aggrieved party has suffered wrong within the meaning of a "relevant statute," here the FOIA.  This Court

also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Venue lies in this

district under 5 U.S.C. § 703, 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.  Plaintiff Western Values Project is a public interest organization that gives a

voice to Western values in the national conversation about energy development and

public lands conservation.  Western Values Project uses the information it gathers as well

as its analysis of it, to educate the public through reports, press releases or other media.

Western Values Project also makes the material it gathers available on its public website.

5.  Defendant Justice is an agency within the meaning of 5 U.S.C. § 552(f).  The

Office of Legal Counsel ("OLC") is a component of Justice.  Defendant Justice (and its

component OLC) is the federal agency with possession and control of the records

responsive to plaintiff's requests and is responsible for fulfilling the FOIA requests of

plaintiff.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

6.  The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to

release requested records to the public unless one or more specific statutory exemptions

apply.

7.  An agency must respond to a party making a FOIA request within 20 working

days, notifying that party of at least the agency's determination whether or not to fulfill

the request and of the requester's right to appeal the agency's determination to the agency

head.  5 U.S.C. § 552(a)(6)(A)(i).

8.  An agency must respond to a FOIA appeal within 20 working days, notifying the appealing party of the agency's determination to either release the withheld records or uphold the denial.  5 U.S.C. § 552(a)(6)(A)(ii).

9.  In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and must also provide "the date on which a determination is expected to be dispatched."  5 U.S.C. § 552(a)(6)(B).

10.  This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).

11.  The FOIA provides a mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records.  Specifically, when requiring the release of improperly withheld records, if the court makes a written finding that "the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously," a disciplinary investigation is triggered.  5 U.S.C. § 552(a)(4)(F).

12. The Justice Department has FOIA regulations mandating its requirements to respond to FOIA requests.  28 C.F.R. pt. 16 *et. seq.*

### FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

13. By email, plaintiff submitted a FOIA request dated May 31, 2017, to OLC seeking records from January 20, 2017 to the date of OLC's search that mention, describe, refer to, or relate to a request or effort to revisit rescind, amend, or revoke the 2000 OLC opinion titled *Administration of Coral Reef Resources in the Northwest*

*Hawaiian Islands* dated September 15, 2000.  The request sought a public interest fee

waiver.  See Exhibit A.

14. By email dated June 29, 2017, OLC acknowledged plaintiff's request and

assigned it tracking number FY17-228.

15. By email dated May 31, 2017, plaintiff submitted a FOIA request for records

pertaining to three categories of records:

> 1.) Communications between OLC and any of the
> following people or institutions
>> a.) John Yoo (jyoo@law.berkeley.edu and/or any
>> email address associated with John C. Yoo)
>> b.) Todd Gaziano (tfg@pacificlegal.org and/or any
>> email address assocated with Todd F. Gaziano)
>> c.) Pacific Legal Foundation staff
>> (@pacificlegal.org)
>> d.) American Enterprise Institute Staff (@aei.org)
>
> 2.) all documents that discuss, summarize, or analyze, or
> include/included as an attachment the American Enterprise
> Institute's report entitled "Presidential Authority to Revoke or
> Reduce National Monument Designations," by John Yoo and Todd
> Gaziano, dated March 2017.  Unmarked and unedited copies of the
> final report as it appears on the AEI website need not be included
> (e.g., where the report as published is attached to a series of emails,
> we exclude the attachment from our request).
>
> 3.) All documents that contain, mention, describe, refer to, or
> relate to a request or effort to revisit rescind, amend, or revoke the
> 1938 Attorney General Opinion titled *Proposed Abolishment of
> Castle Pinkney National Monument*, 39 Op. Att'y Gen. 185 (1938).

Plaintiff sought a public interest fee waiver.  A copy of this letter is attached as Exhibit B.

16. By email dated June 29, 2017, defendant acknowledged plaintiff's request and

assigned it tracking number FY17-229.

17. As of the date of the filing of this Complaint, plaintiff has received no responsive records nor any further communications from defendant concerning either of these two FOIA requests.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
**(Failure to Conduct an Adequate Search)**

18. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

19. Plaintiff submitted requests that reasonably described the records sought and was made in accordance with Justice's published rules.

20. In response, defendant has failed to conduct a search reasonably calculated to uncover all responsive agency records.

21. Therefore, defendant has violated the FOIA's mandate to search for responsive records.  5 U.S.C. §552(a)(3)(D).

22. Plaintiff is entitled to injunctive and declaratory relief with respect to the search for the requested records.

### CLAIM TWO
**(Failure to Produce Records Under the FOIA)**

23. Plaintiff realleges and incorporates by reference all preceding paragraphs.

24. Plaintiff properly asked for records within defendant's control.

25. Plaintiff is entitled by law to access to the records requested under the FOIA, unless defendant makes an explicit and justified statutory exemption claim.

26. Defendant has not produced all the records responsive to plaintiff's FOIA requests.

27. Therefore, defendant has violated the FOIA's mandate to release agency records to the public by failing to release the records as plaintiff specifically requested.  5 U.S.C. §§ 552(a)(3)(A), 552(a)(4)(B).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Declare that defendant has violated the FOIA and agency regulations by failing to conduct an adequate search for records responsive to plaintiff's FOIA requests;

(2) Order the defendant to immediately conduct and document an adequate search for responsive records as dictated by plaintiff's requests;

(3) Declare that the defendant has violated the FOIA by failing to lawfully satisfy plaintiff's FOIA requests;

(4) Order the defendant to release all records responsive to plaintiff's FOIA requests;

(5) Award plaintiff his reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

_____
Scott A. Hodes
(D.C. Bar No. 430375)
P.O. Box 42002
Washington, D.C.  20015
Phone (301) 404-0502
Fax (413) 641-2833
infoprivacylaw@yahoo.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WESTERN VALUES PROJECT<br>704C East 13th Street- Suite 568<br>Whitefish, MT  59937 | : <br> : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | :  Civil Action No._____ |
| | : |
| U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Ave., NW<br>Washington, DC  20530-0001 | : <br> : <br> : |
| Defendant. | : <br> : |

# Exhibit A



**Western Values Project**

704C East 13th Street, Suite 568
Whitefish, MT 59937
406-438-1918

FOIA Officer
Office of Legal Counsel
Department of Justice
Room 5511, 950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
usdoj-officeoflegalcounsel@usdoj.gov

May 31, 2017

**FOIA REQUEST**

Dear Records Request Officer:

Pursuant to the Freedom of Information Act, Western Values Project requests access to
and copies of all documents or correspondence and/or records of correspondence –
including email and any associated attachments, calendar appointments in any format,
voicemails and/or voicemail transcriptions, and/or call logs sent or received between
January 20, 2017 and the date of your search that mention, describe, refer to, or relate to a
request or effort to revisit rescind, amend, or revoke the 2000 OLC opinion titled
*Administration of Coral Reef Resources in the Northwest Hawaiian Islands* dated
September 15, 2000[1].

**Fee Waiver Request**

Western Values Project requests a waiver of fees associated with processing this request
for records. The subject of this request concerns the operations of the federal government,
and the disclosures will likely contribute to a better understanding of relevant government
procedures by the public in a significant way. Moreover, the request is primarily and
fundamentally for non-commercial purposes. 5 U.S.C. § 552(a)(4)(A)(iii).[2]

Western Values Project requests a waiver of fees because disclosure of the requested
information is "in the public interest because it is likely to contribute significantly to
public understanding" of government operations and is not "primarily in the commercial

---

[1] "Administration of the Coral Reef Resources in the Northwest Hawaiian Islands,"
*Memorandum Opinion for the Department of the Solicitor*, 09/15/00
[2] *See, e.g., McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1285 (9th
Cir. 1987).

interest of the requester."[3] The disclosure of the information sought under this request will document and reveal the operations of the federal government, including how public funds are spent and how officials conduct the public's business.

This request seeks to understand the motivations and arguments offered by individuals engaging in public debate on Presidential authority surrounding national monuments. Amid the US Department of the Interior's review of national monument designations, the public has a specific interest in the decisions of OLC surrounding various monument-related issues.

This request is primarily and fundamentally for non-commercial purposes. As a project of a 501(c)(3) organization, Western Values Project does not have a commercial purpose and the release of the information requested is not in Western Values Project's financial interest. Western Values Project's mission is to give a voice to Western values in the national conversation about resource development and public lands conservation, a space too often dominated by industry lobbyists and their government allies. Western Values Project will use the information gathered, and its analysis of it, to educate the public through reports, press releases, or other media. Western Values Project will also make materials it gathers available on our public website http://www.westernvaluesproject.org/.

Accordingly, Western Values Project qualifies for a fee waiver.

**Conclusion**

If possible, I would prefer to receive this information electronically via e-mail at csaeger@westernvaluesproject.org. If you have questions or need additional information from me, please feel free to call me at 406-438-1918.

If my request is denied in whole or part, I ask that you justify all deletions by reference to specific exemptions of the act. If any documents are withheld based on the Agency's interpretation of any exemption, we request that you provide an index of those documents as required under *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). Specifically, this *Vaughn* index should describe withheld documents with enough specificity as to determine whether the material is exempt under the act and must describe each document or portion withheld.

Thank you for your assistance.

Sincerely,

Chris Saeger
Executive Director
Western Values Project

---

[3] 5 U.S.C. § 552(a)(4)(A)(iii)

titled *Proposed Abolishment of Castle Pinckney National Monument*, 39 Op. Att'y Gen. 185 (1938).

**Fee Waiver Request**

Western Values Project requests a waiver of fees associated with processing this request for records. The subject of this request concerns the operations of the federal government, and the disclosures will likely contribute to a better understanding of relevant government procedures by the public in a significant way. Moreover, the request is primarily and fundamentally for non-commercial purposes. 5 U.S.C. § 552(a)(4)(A)(iii).[1]

Western Values Project requests a waiver of fees because disclosure of the requested information is "in the public interest because it is likely to contribute significantly to public understanding" of government operations and is not "primarily in the commercial interest of the requester."[2] The disclosure of the information sought under this request will document and reveal the operations of the federal government, including how public funds are spent and how officials conduct the public's business.

This request seeks to understand the motivations and arguments offered by individuals engaging in public debate on Presidential authority surrounding national monuments. Amid the US Department of the Interior's review of national monument designations, the public has a specific interest in the conduct and work of OLC surrounding various monument-related issues.

This request is primarily and fundamentally for non-commercial purposes. As a project of a 501(c)(3) organization, Western Values Project does not have a commercial purpose and the release of the information requested is not in Western Values Project's financial interest. Western Values Project's mission is to give a voice to Western values in the national conversation about resource development and public lands conservation, a space too often dominated by industry lobbyists and their government allies. Western Values Project will use the information gathered, and its analysis of it, to educate the public through reports, press releases, or other media. Western Values Project will also make materials it gathers available on our public website http://www.westernvaluesproject.org/.

Accordingly, Western Values Project qualifies for a fee waiver.

**Conclusion**

If possible, I would prefer to receive this information electronically via e-mail at csaeger@westernvaluesproject.org.

---

[1] *See, e.g.*, *McClellan Ecological Seepage Situation v. Carlucci*, 835 F.2d 1282, 1285 (9th Cir. 1987).
[2] 5 U.S.C. § 552(a)(4)(A)(iii)

If you have questions or need additional information from me, please feel free to call me at 406-438-1918.

If my request is denied in whole or part, I ask that you justify all deletions by reference to specific exemptions of the act. If any documents are withheld based on the Agency's interpretation of any exemption, we request that you provide an index of those documents as required under *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). Specifically, this *Vaughn* index should describe withheld documents with enough specificity as to determine whether the material is exempt under the act and must describe each document or portion withheld.

Thank you for your assistance.

Sincerely,

Chris Saeger
Executive Director
Western Values Project

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WESTERN VALUES PROJECT<br>704C East 13th Street- Suite 568<br>Whitefish, MT  59937 | : <br> : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | :   Civil Action No._____ |
| U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Ave., NW<br>Washington, DC  20530-0001 | : <br> : <br> : <br> : |
| Defendant. | : <br> : |

# Exhibit B


Western
Values
Project

704C East 13th Street, Suite 568
Whitefish, MT 59937
406-438-1918

FOIA Officer
Office of Legal Counsel
Department of Justice
Room 5511, 950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
usdoj-officeoflegalcounsel@usdoj.gov

May 31, 2017

**FOIA REQUEST**

Dear Records Request Officer:

Pursuant to the Freedom of Information Act, Western Values Project requests access to
and copies of all documents or correspondence and/or records of correspondence –
including email and any associated attachments, calendar appointments in any format,
voicemails and/or voicemail transcriptions, and/or call logs sent or received between
January 20, 2017 and the date of your search that fall into one or more of the following
categories:

- Communications between OLC and any of the following people or institutions
  - John Yoo (jyoo@law.berkeley.edu and/or any email address associated
    with John C. Yoo)
  - Todd Gaziano (tfg@pacificlegal.org and/or any email address associated
    with Todd F. Gaziano)
  - Pacific Legal Foundation staff (@pacificlegal.org)
  - American Enterprise Institute staff (@aei.org)

- All documents that discuss, summarize, or analyze, or include/included as an
  attachment the American Enterprise Institute's report entitled, "Presidential
  Authority to Revoke or Reduce National Monument Designations," by John Yoo
  and Todd Gaziano, dated March 2017. Unmarked and unedited copies of the final
  report as it appears on the AEI website need not be included (e.g., where the
  report as published is attached to a series of emails, we exclude that attachment
  from our request).

- All documents that contain, mention, describe, refer to, or relate to a request or
  effort to revisit rescind, amend, or revoke the 1938 Attorney General Opinion