UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WESTERN VALUES PROJECT, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 17-01671-CRC |
| U.S. DEPARTMENT OF JUSTICE, | : |
| Defendant. | : |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS CROSS-MOTION FOR SUMMARY JUDGMENT**

In this Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 case, defendant U.S. Department of Justice's ("DOJ") component, the Office of Legal Counsel ("OLC") continues to make the novel assertion that it can neither confirm nor deny the existence of certain records pertaining to two FOIA requests that seek documents that mention, describe, refer to, or relate to a request or effort to revisit, rescind, amend, or revoke the 2000 OLC opinion titled *Administration of Coral Reef Resources in the Northwest Hawaiian Islands* dated September 15, 2000 and/or the 1938 Attorney General Opinion titled *Proposed Abolishment of Castle Pinkney National Monument*, 39 Op. Att'y Gen. 185 (1938) as well as claiming that it conducted an adequate search for communications from four specific individuals and institutions.

As has been established previously in plaintiff's memorandum in support of its cross-motion for summary judgment and in opposition to defendant's motion for summary judgment, ("Plaintiff's Memo.") [ECF No. 13-1], the DOJ has not established that its response of not confirming or denying that responsive records exist was proper; nor has it established that if responsive material does exist, the material is privileged

pursuant to FOIA Exemption 5.  Furthermore, the DOJ has not established that its search for certain of the requested information was adequate under the FOIA.  Thus, summary judgment continues to not be appropriate for defendant, and plaintiff is entitled to summary judgment on its cross-motion for summary judgment.

## I. DOJ'S *GLOMAR* RESPONSE IS IMPROPER

The government claims that it has construed plaintiff's requests as drafted and responding to the request "would have amounted to an admission or denial that, inter alia, the Executive Branch sought OLC's legal advice relating to the specified opinion(s) and/or that OLC engaged in deliberations relating to the specified opinion(s).  Defendant's Reply in Further Support of Defendant's Motion for Summary Judgment and Opposition to Plaintiff's Cross-Motion for Summary Judgment ("Defendant's Reply") at 2 [ECF No. 15].  Defendant fails to establish, however, how these harms allow it to neither confirm nor deny that responsive records exist.  As defendant concedes, there are no cases upholding *Glomar* responses under FOIA Exemption 5.  *Id.*  Further, the case cited by defendant found an invocation of a *Glomar* response only for FOIA Exemption 7(C) and specifically did not address, consider or analyze in any way the use of a *Glomar* response for FOIA Exemption 5.  *Judicial Watch, Inc. v. U.S. Dep't of Justice,* 898 F. Supp. 2d 93, 107 (D.D.C. 2012).  The only reference to Exemption 5 was the court's noting that it need not address the government's attempted use of the appropriateness of the *Glomar* response for the Exemption due to its finding on Exemption 7(C).  *Id.* at 106 n.10.

Defendant states that plaintiff does not cite any case that "bars an agency from asserting a *Glomar* response in the context of this case.  Defendant's Reply at 2.

However, it is defendant's responsibility to establish that its withholding decision is appropriate under the FOIA.  5 U.S.C. § 552(a)(4)(B) (2006 & Supp. IV 2010); see *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 755 (1989); *Campaign v. FDA*, 511 F.3d 187, 190 (D.C. Cir. 2007).  Thus, despite defendant's argument, the burden is simply not on the plaintiff.[1]

Defendant next argues that revealing whether OLC may have considered an action would reveal information that is protected under the deliberative process privilege.  Defendant's Reply at 3.  However, the fact that a deliberative process exists within OLC itself is not protected by the FOIA nor does defendant establish that it is.  Given the nature of OLC and its responsibilities to provide legal advice to the Executive Branch, every internal communication could be construed as deliberative under OLC's theory.  Defendant argues that OLC deliberations would be chilled and the willingness of the Executive Branch to seek OLC legal advice would be inhibited if the deliberations were subject to disclosure.  *Id*.  Defendant confuses the appropriateness of the use of the *Glomar* response with the disclosure of documents.  At present, this case concerns the government's refusal to confirm nor deny that documents exist; whether documents, if they exist, may be disclosed is not an issue before the Court as defendant has not provided any *Vaughn* index justifying the non-disclosure of any documents.

---

[1] Defendant also notes that plaintiff overlooks paragraph 17 of the First Colborn Declaration (ECF No. 11-2) where he opines on why it was proper to give a *Glomar* response to any documents that "discuss, summarize, or analyze, or include/included as an attachment the American Enterprise Institute's Report in arguing why a *Glomar* is not appropriate.  Defendant's Reply at 2-3.  Even if plaintiff overlooked this conclusory paragraph, it does not change the fact that Defendant has continued to fail to justify its use of a *Glomar* response for all portions of plaintiff's request that it invoked the response.

Defendant believes that plaintiff ignores the function of OLC and the explanation provided by OLC as to why its analysis should not be disclosed.  Defendant's Reply at 4 citing the first Colborn Declaration, ¶8.  Plaintiff does not ignore these arguments made by defendant.  However, these arguments again go to non-disclosure of records not the issue of whether OLC properly did not confirm nor deny that responsive records exist.  Defendant is the one conveniently ignoring what it is trying to protect.

Defendant next argues that it is not required to submit a *Vaughn* index because it properly invoked a *Glomar* response.  Defendant's Reply at 4.  However, as established by plaintiff, defendant has not properly invoked a *Glomar*.  Thus, as established by plaintiff, without a *Vaughn* index, Plaintiff's Memo. at 16, defendant has not established that any records are protected by the privileges of Exemption 5.

Defendant states that plaintiff's arguments concerning "working law" and "secret law" are not correct because OLC advice "is not the law of an agency unless the agency adopts it" citing *Elec. Frontier Found.* v. *U.S. Dep't of Justice,* 739 F.3d 1, 8 (D.C. Cir. 2014).  However, OLC does not establish that the agencies and/or Trump Administration did not adopt the OLC advice sought in this matter.  Thus, OLC's dismissal of plaintiff's arguments are unfounded as OLC offers no proof that its advice was not treated as either "working law" or "secret law" as discussed previously by plaintiff.

Further, defendant asserts that plaintiff mischaracterizes the attorney-client privilege.  Defendant's Reply at 5.  However, even under defendant's definition of the privilege it still doesn't establish that the privilege applies to either the documents in this case or the defendant's attempted use of a *Glomar* response to neither confirm nor deny

4

that the requested records exist as the mere fact of the existence of records would not waive confidentiality.

Similarly, defendant again confuses the difference between confirming or denying whether records exist and the actual release of the records when it attacks plaintiff's challenge to the Presidential communications privilege. *Id*. at 5. The confirmation of records would not in any way reveal information protected by the privilege nor does plaintiff's arguments that the government must confirm or deny the existence of records undermine its position concerning defendant's response.

Defendant has not established that its response that it can neither confirm nor deny records responsive to plaintiff's requests is proper. Further, defendant has not established that the records, if they do exist, are exempt from the FOIA pursuant to Exemption 5. Defendant's motion for summary judgment on its Glomar response should be denied and plaintiff's cross-motion should be granted.

## II. DEFENDANT HAS STILL NOT CONDUCTED AN ADEQUATE SEARCH

OLC continues to defend its search as adequate for records pertaining to one part of one of plaintiff's requests. This portion of the request sought records pertaining to the request for communications between OLC and any of the following people or institutions:

> a.) John Yoo (jyoo@law.berkeley.edu and/or any email address associated with John C. Yoo)
> b.) Todd Gaziano (tfg@pacificlegal.org and/or any email address associated with Todd F. Gaziano)
> c.) Pacific Legal Foundation staff (@pacificlegal.org)
> d.) American Enterprise Institute Staff (@aei.org).

Declaration of Paul F. Colborn dated February 8, 2018 [ECF No. 11-2), ¶19.

Following plaintiff's objections to its original search, OLC went back and conducted what it believed was a broader search of all OLC employees. Declaration of Paul P. Colborn dated April 30, 2018 ("2nd Colborn Decl."), ¶4. Defendant believes this second search cures the deficiencies brought out by plaintiff and its search for records was adequate.

For a search to be found adequate under the FOIA in this Circuit, an "agency must demonstrate that it has conducted a 'search reasonably calculated to uncover all relevant documents.'" *Weisberg v. U.S. Department of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984) (quoting *Weisberg v. Department of Justice*, 705 F.2d 1344, 1350-51 (D.C. Cir. 1983). An agency must demonstrate "beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999). Defendant has still failed to meet this burden.

For a number of reasons, the OLC search still fails to meet the definition of an adequate search as it's search was not designed to uncover all relevant documents. Initially, while OLC did claim to have all of its employees search for responsive records, no details on how this search or the previous searches were provided (*i.e.*, how did these employees actually conduct the searches). The only details provided about this supplemental search was the statement "[n]o OLC employee identified or reported being aware of any such records. 2nd Colborn Decl.,¶4.

Further, defendant does not address whether it looked for any electronic non-email records. As stated in its initial brief, there is no mention of any searches for text messages, phone messages/logs, or any other non-email communications responsive to plaintiff's request. Plaintiff's Memo. at 6-7. Plaintiff sought "communications" between certain

6

parties and the OLC.  Defendant did not mention any description of a search of any text messages on any cell phones issued to OLC employees.  Nor does OLC conclude that there are no other communication methods used within its offices.  Thus, the failure to search for text messages and any other communication device and/or technique is yet another reason the search that was conducted was not reasonable.

Finally, as previously address by plaintiff, OLC fails to explain how certain located files were determined to be non-responsive to the request.  Plaintiff's Memo. at 6.  Without further explanation this material should be processed and released to plaintiff.

Thus, defendant's description of its search for records, its failure to search for other electronic records that were not emails, and to describe what records were found but deemed unresponsive continue to all be reasons that defendant's search for responsive records was clearly not "reasonably calculated to uncover all relevant documents." *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999).  Thus, summary judgment on defendant's search is not appropriate and plaintiff's cross-motion should be granted.

## **CONCLUSION**

For the foregoing reasons and the entire record herein, plaintiff Western Values Project respectfully requests that the Court grant its cross-motion for summary judgment, deny defendant's motion for summary judgment, and order DOJ immediately to search for and disclose the requested records in their entirety.

Dated:  June 8, 2018                                             Respectfully submitted,

                                                                                                                _____/s/_____
                                                                                     Scott A. Hodes
                                                                                     (D.C. Bar No. 430375)
                                                                                     P.O. Box 42002
                                                                                     Washington, D.C.  20015
                                                                                     Phone (301) 404-0502
                                                                                     Fax (413) 641-2833
                                                                                     infoprivacylaw@yahoo.com